UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAKUR D. GANNAWAY,

                Petitioner,

-against-

PEOPLE OF NEW YORK,

                Respondent.

21-CV-7674 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Shakur D. Gannaway brings this *pro se* petition for a writ of error *coram nobis*, challenging his conviction "of a crime of robbery in 1991, February 7, 1990."[1] (ECF No. 1 at 1.) By order dated April 12, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. The Court now denies the petition without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

    Petitioner's submission provides considerable background of what appears to be a state court conviction in 1990 or 1991. The petition asserts that he

> moves the court for an issuance of a Writ of Error Coram Nobis on the ground that defendant Mr. Gannaway was convicted of a crime of robbery in 1991, February 7, 1990, and appealed to this court which affirmed his conviction and that the misrepresentation of Michael D. Stalonist on appeal was 'procedural defaulted' by misrepresentation set out in his Sixth Amendment of the United States constitution. Speedy trial violation. Due process violation, Baston claims, deliberate ineffective prejudice by court appointed attorney.

(ECF No. 1 at 1.) Petitioner does not specifically identify the conviction he seeks to challenge, but a search of state court records reveals that, on March 11, 1991, Petitioner was convicted,

---

[1] Petitioner is currently incarcerated in Camp Hill, Pennsylvania, on unrelated charges.

after a jury trial, in the New York State Supreme Court, New York County, of robbery in the first degree and burglary in the second degree. *See People v. Gannaway*, 597 N.Y.S.2d 38 (1st Dep't 1993), *appeal denied*, 606 N.Y.S.2d 601 (1993). It is unclear from the petition whether Petitioner has previously challenged this conviction pursuant to 28 U.S.C. § 2254; a search of the Public Access to Court Electronic Records (PACER) system does not reveal any such challenge.

## DISCUSSION

Under 28 U.S.C. § 1651(a), federal courts "may issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." *Id.* (emphasis added). The writ of error *coram nobis*, which may be issued under Section 1651(a), is used by district courts to correct errors "in cases within [a court's] own jurisdiction, not to correct errors in other jurisdictions." *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2d Cir. 2006) (citing *United States v. Morgan*, 346 U.S. 502, 507 n.9 (1954) ("[I]f there be error in the process, or through the default of the clerks, it may be reversed in the same court, by writ of error coram nobis." (internal quotation marks omitted))). Accordingly, district courts lack jurisdiction to correct the alleged errors of any other court by issuing a writ of error *coram nobis*. *Id.* at 133. Thus, Petitioner's petition for a writ or error *coram nobis*, which seeks relief from a state court conviction, must be denied because the Court lacks jurisdiction to consider the relief he requests.[2]

---

[2] Ordinarily, Petitioner would challenge his state court conviction on constitutional grounds in a petition brought under 28 U.S.C. § 2254 but, because he is no longer in custody in connection with the conviction, this vehicle is unavailable to him. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (holding that, to bring a Section 2254 petition challenging a state court conviction, a petitioner must be in custody pursuant to the judgment of the state court). A defendant who challenges a state court conviction and is no longer in custody may seek relief under 42 U.S.C. § 1983. *See e.g.*, *Opperisano v. P.O. Jones*, 286 F. Supp. 3d 450, 455 (E.D.N.Y. 2018) (providing Second Circuit case law on whether defendant may challenge state conviction in Section 1983 action). But because Petitioner does not allege that his conviction was reversed, expunged, or otherwise declared invalid, any Section 1983 challenge to

## CONCLUSION

The petition for a writ of error *coram nobis* is denied without prejudice for lack of jurisdiction. The application for the Court to request *pro bono* counsel (ECF No. 6) is denied as moot. All other matters are terminated.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  April 18, 2022
        New York, New York

           /s/ Laura Taylor Swain
           LAURA TAYLOR SWAIN
           Chief United States District Judge

---

his 1991 conviction would likely be barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).