UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKUR D. GANNAWAY,

                Petitioner,

-against-

PEOPLE OF NEW YORK,

                Respondent.

21-CV-7674 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Shakur D. Gannaway, who is incarcerated in SCI Camp Hill, in Camp Hill, Pennsylvania, brought this *pro se* petition for a writ of error *coram nobis*, challenging his conviction "of a crime of robbery in 1991, February 7, 1990."[1] (ECF No. 1 at 1.) By order dated April 12, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, and by order dated April 18, 2022, the Court denied the petition without prejudice for lack of jurisdiction.

      On June 7, 2022, Petitioner filed a letter in a prior case that he filed in this court, *Gannaway v. Kings County Hosp.*, ECF 1:12-CV-0651, 12 (S.D.N.Y. June 7, 2022). By memo endorsement dated June 13, 2022, the Honorable Loretta A. Preska directed the Clerk of Court to file the letter in this case. (*Id.* at 13.) Petitioner does not appear to seek any relief in this letter; rather he raises the question of why he was granted IFP status in this case and yet was not permitted to proceed IFP in *Gannaway v. Kings County Hosp.*, ECF 1:12-CV-0651.

      A review of Petitioner's history in this court reveals that prior to January 24, 2012, when he filed *Gannaway v. Kings County Hosp.*, ECF 1:12-CV-0651, he had had accumulated three or

---

[1] Petitioner is currently incarcerated in Camp Hill, Pennsylvania, on unrelated charges.

more "strikes" under the Prison Litigation Reform Act's (PLRA) "three strikes" provision. *See Gannaway v. McEnroe*, No. 00 Civ. 5183 (D. N.J. June 19, 2001) (dismissing for failure to state a claim the complaint for false arrest, false imprisonment and malicious prosecution, filed while Gannaway was incarcerated in SCI Greene, *see Gannaway v. McEnroe*, No. 00 Civ. 7700 (S.D.N.Y. Oct. 12, 2000) (transferring case to the District of New Jersey)); *Gannaway v. Essex Cnty. College*, No. 03 Civ. 1333 (D.N.J. June 15, 2004) (dismissing with prejudice all claims over which the court had original jurisdiction for failure to state a claim and declining to exercise supplemental jurisdiction over state law malpractice claim against defense counsel); *Gannaway v. Newark Hous. Auth.*, No. 05 Civ. 0360 (D.N.J. Sept. 22, 2005) (dismissing for failure to state a claim and holding that "this dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g)"). The Honorable Loretta A. Preska, therefore dismissed the action without prejudice under the PLRA's "three-strikes" rule, *see* 28 U.S.C. § 1915(g), and barred Petitioner from filing future actions IFP in this court while he is a prisoner unless he is under imminent threat of serious physical injury. *Gannaway v. Kings County Hosp.*, ECF 1:12-CV-0651, 8 (S.D.N.Y. Apr. 23, 2022).

This action, a petition for writ of error *coram nobis*, is not a civil action for the purposes of the PLRA's "three strikes" provision. The Court therefore granted Petitioner's request to proceed IFP in this case, and subsequently denied the petition for lack of jurisdiction.

On May 10, 2022, Petitioner filed a notice of appeal, seeking to appeal the Court's April 18, 2022, denial of the petition for lack of jurisdiction, (ECF No. 10), and a motion for extension of time to file a notice of appeal, although his time to appeal had not yet expired, (ECF No. 11.).

Under Fed. R. App. P. 4(a)(1)(A), a notice of appeal in a civil case must be filed within 30 days after entry of judgment. Rule 4(a)(1)(B)(ii) of the Federal Rules of Appellate Procedure

requires that, if one of the parties is a United States agency, a notice of appeal in a civil case may be filed within 60 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(B)(ii). "[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional." *In re WorldCom, Inc.*, 708 F.3d 327, 329 (2d Cir. 2013) (citation and internal quotation marks omitted).

Because Petitioner's time to file a notice of appeal had not expired, a motion for extension of time to appeal is unnecessary. Accordingly, Petitioner's request for an extension of time to appeal is denied as unnecessary.

## CONCLUSION

Petitioner's request for an extension of time to file a notice of appeal (ECF No. 11) is denied as unnecessary.

The Clerk of Court is directed to process Petitioner's notice of appeal (EC No. 10.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 14, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge